# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JAMES DAVID FISH,

                Plaintiff,

v.

AMANDA KRUEGER, ASHLEY DEPAS,
BRANDO CROMWELL, BRIAN
BARGANZ, DEPUTY CARY
JEANQUART, CHRIS SCHLEY,
CURT VANDERTIE, DEAN TOSSOUL,
DOMINIC TURNER, DOUGLAS
JACUET, DEPUTY JAMES
WERNER, JODI MCCARTY, JOHN
MCCORMICK, JOY BORDEAU, JEFF
REINCE, KYLE VEESER, NATHAN
GUILETTE, SCOTT LOHMAN, TAMMY
STERNARD, TINA HEIDER,
PEGGY KUBIAK, and ALICIA
WHEELER,

                Defendants.

Case No. 16-CV-1221-JPS

**ORDER**

The plaintiff, James David Fish ("Fish"), filed his complaint in this case on September 9, 2016. (Docket #1). Upon screening, the Court allowed Fish to proceed on an Eighth Amendment claim for deliberate indifference to his serious medical needs and an Eighth Amendment claim relating to the conditions of his confinement in the suicide watch unit. (Docket #8).

On May 25, 2017, defendant Alicia Wheeler ("Wheeler") filed a motion pursuant to Federal Rule of Civil Procedure 41(b) requesting that the Court dismiss the plaintiff's complaint for failure to prosecute. (Docket #56). According to Wheeler, she served discovery on Fish on March 15,

2017, seeking executed authorizations for the release of his relevant medical and mental health records from the facilities where Fish was treated during and around the time of the events at issue in this case. *Id.* at 2. After two months went by and Fish did not respond, Wheeler followed up with a letter to Fish on May 16, 2017, again asking that he execute and return the releases. *Id.* Fish did not respond. *Id.*

On July 6, 2017, defendant Peggy Kubiak ("Kubiak") filed a motion joining Wheeler's motion to dismiss for failure to prosecute. (Docket #60). According to Kubiak, various pleadings and notices that she attempted to serve on Fish, including her answer, have been returned to her as undeliverable. *Id.* at 2-3. Fish has not responded to Wheeler's or Kubiak's motions to dismiss for failure to prosecute.

On August 28, 2017, the balance of the defendants also filed a motion joining Wheeler's motion to dismiss for failure to prosecute. (Docket #63). They, too, have served discovery on Fish that has gone unanswered. *Id.*

On August 28, 2017, the Court ordered that Fish respond to all outstanding discovery and file a response to the pending motion to dismiss for failure to prosecute within ten days. (Docket #62). The Court warned that Fish's failure to comply would result in dismissal of his action in its entirety without further notice. *Id.*

Fish has filed nothing in response to the Court's order. This action will, therefore, be dismissed. *See* Fed. R. Civ. P. 37, 41(b).

Accordingly,

**IT IS ORDERED** that the defendants' motions to dismiss for failure to prosecute (Docket #56, #60, and #63) be and the same are hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby

**DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of September, 2017.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge